**UNITED STATES of America,**
**Appellee,**

v.

**Louis A. SALERNO, Defendant-**
**Appellant.**

**No. 350, Docket 26261.**

United States Court of Appeals ·
Second Circuit.

Argued April 12, 1961.

Decided May 4, 1961.

Rosemary Edelman, New York City (Anthony F. Marra, New York City, attorney for appellant, Rosemary Edelman, New York City, on the brief), for appellant.

David Klingsberg, New York City (Morton S. Robson, U. S. Atty. for the Southern Dist. of New York, David Klingsberg, George I. Gordon, Asst. U. S.

**106**

Attys., New York City, of counsel), for appellee.

Before HAND, MEDINA and FRIENDLY, Circuit Judges.

PER CURIAM.

The petition, under 28 U.S.C. § 2255, of Louis Salerno, convicted, as a second offender, for violation of 21 U.S.C.A. §§ 173 and 174, on a plea of guilty, alleges that for various reasons including lack of effective assistance by counsel, coercion by the prosecutor and his own counsel, and failure of the Court to comply with F.R.Crim.Proc. 11, 18 U.S.C., his guilty plea was invalid. Opposing affidavits were filed by the Assistant United States Attorney then in charge, the Assistant United States Attorney now in charge, and Salerno's counsel; the District Court also had before it transcripts of various proceedings including those on plea and on sentence. Petitioner filed a traverse, largely argumentative but questioning some facts stated in the affidavits. The Court denied the petition, without hearing, in an opinion which refers to statements in the affidavits.

■■ Section 2255 requires a hearing "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Applying this language, the Supreme Court has frowned upon reliance on factual statements in opposing affidavits, since these are not "files and records of the case." Walker v. Johnston, 1941, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Com. of Pa. ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; United States ex rel. Farnsworth v. Murphy, 1958, 358 U.S. 48, 79 S. Ct. 76, 3 L.Ed.2d 46. The opinion here leaves us in some doubt whether the judge considered the denials in the affidavits as merely showing that petitioner's factual allegations were not to be deemed admitted for the purpose of determining whether a hearing should be had, which we understand is permissible, Waley v. Johnston, supra, at 104, or as affording a basis for finding them false, which we understand is not. The question whether petitioner alleged enough to require a hearing even on the former basis is exceedingly close; under the decisions it seems he should have one, however fruitless it appears likely to be.

The Court wishes to express its appreciation to the Legal Aid Society and to Rosemary Edelman, assigned counsel, for able and effective representation of the petitioner.

Reversed for hearing.