John Bernard DOYLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19221.

United States Court of Appeals
Ninth Circuit.

Sept. 9, 1964.

Richard C. Smith, Smith, Scott & Morthland, Yakima, Wash., for appellant.

Frank R. Freeman, U. S. Atty., C. D. Fransen, Asst. U. S. Atty., Yakima, Wash., for appellee.

Before ORR, HAMLEY, and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

John Bernard Doyle, serving a life sentence in a federal prison for second degree murder, appeals from a district court order denying his motion, made under 28 U.S.C. § 2255, to vacate the sentence. Doyle argues that the district court erred in denying his motion without granting him an evidentiary hearing.

Under section 2255, an evidentiary hearing must be granted unless the motion and files and records of the case conclusively show that the petitioner is entitled to no relief. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

 The first ground on which the motion to vacate is based is that Doyle was denied the right to retain counsel of his own choice to assist him at the trial. If this ground is supportable on the facts, Doyle was denied a constitutional right. Where a defendant is able to obtain counsel for himself and does not ask the court to appoint counsel, he must be given a reasonable time and a fair opportunity to secure counsel of his own choice. Releford v. United States, 9 Cir., 288 F.2d 298, 301.

In a memorandum and affidavit filed in support of his motion, Doyle made detailed factual allegations tending to support his charge that he was not permitted to retain counsel of his own choice. He alleged that he had $2,800 which could have been used to retain counsel and which he had desired to use for that purpose; that the court, however, appointed J. P. Tonkoff as his counsel without first advising Doyle of his right to have counsel of his own choice; that Tonkoff represented to Doyle and members of his family that Doyle was compelled to accept Tonkoff as his counsel; that he advised the court of his acceptance of Tonkoff partly because of this representation and partly because the Sheriff of Yakima County, Bert Guns, informed him that if he made a scene in court about Tonkoff's appointment " * * * something

page number

unpleasant would happen to my Mother"; that Tonkoff demanded that Doyle consent to have the $2,800 turned over to Tonkoff and this was done.

These allegations were denied in an answering memorandum and in affidavits filed by Tonkoff and Sheriff Guns.

Dealing with this ground in its memorandum opinion the district court stated that the record shows the appointment of Tonkoff " * * * an experienced and vigorous criminal lawyer." This attorney, the court stated, was accepted by Doyle as his attorney. Continuing, the court stated:

" * * * It was so stated on three occasions in open court as the record shows. Defendant cannot now say he was not represented by an attorney of his choice as he expressed no choice and accepted the attorney appointed for him."

As in Machibroda v. United States, 368 U.S. 487, 494–495, 82 S.Ct. 510, 7 L.Ed.2d 473, the factual allegations in support of this ground for section 2255 relief relate " * * * primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." While the Tonkoff and Guns affidavits counter Doyle's factual allegations, they are not a part of the "files and records of the case" within the meaning of section 2255. United States v. Salerno, 2 Cir., 290 F.2d 105, 106. See, also, Machibroda v. United States, supra, 368 U.S. at page 495, 82 S.Ct. 510; Walker v. Johnston, 312 U.S. 275, 286–287, 61 S.Ct. 574, 85 L.Ed. 830; Jones v. Cunningham, 4 Cir., 313 F.2d 347, 349, note 4. Doyle is therefore entitled to an evidentiary hearing on this ground.

Since Doyle must be accorded a hearing it is not necessary to consider, at this time, the other grounds relied upon in the motion to vacate the sentence. If Doyle has any evidence to present in support of any of these grounds it should be received, together with any countering evidence. The district court will then be able to determine all of the issues on the basis of findings of fact and conclusions of law, as contemplated by section 2255 where an evidentiary hearing is held.

Reversed and remanded for further proceedings.