Rowan **RICHERSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 23030.

United States Court of Appeals
Ninth Circuit.

May 15, 1969.

Rowan G. Richerson, in pro. per.

Eugene G. Cushing, U. S. Atty., John M. Darrah, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

BARNES, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of Washington which denied, without a hearing, a motion to vacate sentence pursuant to 28 U.S.C. § 2255. We have jurisdiction of the appeal under 28 U.S.C. § 1291.

Appellant was convicted in 1964 of transporting a forged security in interstate commerce, in violation of 18 U.S.C. §§ 2314 and 2, following his plea of guilty to that charge. He was sentenced for ten years to the custody of the Attorney General, and that sentence was later modified to eight years, ten months and five days imprisonment.

Thereafter, appellant on November 3, 1965 filed a motion pursuant to 28 U.S.

---

* Hon. William J. Jameson, United States District Judge, Billings, Montana, sitting by designation.

C. § 2255 in which he alleged (a) without particulars as to time or place, that two unnamed F.B.I. agents had promised if he pleaded guilty, the State of Washington would drop state charges against him; and (b) that a named probation officer and Assistant United States Attorney had agreed just before the arraignment to recommend a five year sentence and commitment to the United States Public Health Service in return for a guilty plea. The district court denied this motion by order dated November 5, 1965, and later denied a petition for leave to appeal in forma pauperis. The district court concluded that the files and records in the case conclusively showed that the petitioner was not entitled to relief under § 2255 for the reasons that (1) the named Assistant United States Attorney did not represent the United States and was not present at petitioner's arraignment, but only at the time of sentencing, and (2) the transcript of the arraignment proceeding, quoted at some length in the court's order, showed that petitioner repeatedly testified that his plea of guilty was not brought about by pressure, promises, deals, urging or inducement of anyone. (See Appendix, Appellant's Brief.)

Subsequently, this court, on January 25, 1966, entered an order denying as legally frivolous "for the reasons expressed in the district court's order denying the motion" appellant's motion for leave to appeal in forma pauperis. (Misc. No. 2584.)

On February 2, 1968, appellant filed a second motion pursuant to 28 U.S.C. § 2255, in which he alleged the same facts and made the same contentions as in the first motion. In fact, he stated therein that "[t]he prior post-conviction motion was based upon the same issues raised by the present motion." (R. 22.) The district court denied this motion on April 25, 1968, on the ground that § 2255 itself provides that the sentencing court shall not be required to entertain a second petition for similar relief. (R. 30–31.)

This is a sound reason for the second refusal, provided the first ruling was also sound.

Before sentencing petitioner the trial judge had addressed the defendant personally, and thoroughly questioned defendant with respect to the fact of his guilt; his right to an attorney; whether or not he could pay for one; whether any promises or inducements had been made to him; that he had not been mistreated, threatened, persuaded or induced to enter the plea; that no one had told him there was any deal or arrangement with the judge, or any other judge, or with the District Attorney, or with anyone else, about the length of sentence; that he knew the acceptance of his guilty plea subjected him to a ten year jail sentence and a $10,000 fine, or both; that his plea was voluntarily made; that he understood the nature of the charges against him; the consequences of his proposed plea; and that there existed a factual basis for such plea.

In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Court stated:

> "Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief [footnote omitted] only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Id.* at 15, 83 S.Ct. at 1077.

The parties are agreed that appellant's second motion presents the same ground for relief as the first. It is also clear that the first determination was on the merits. With regard to the third condition, the Court in *Sanders, supra,* stated that if factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not

full and fair. *Id.* at 16–17, 83 S.Ct. 1068. Was a hearing mandatory here? Sanders refers us to Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963), and Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 7 L.Ed. 2d 770 (1963), which (despite being § 2255 motions after state court convictions) set forth the tests to be applied.

■ We think that no hearing was necessary on the first petition for relief. Townsend v. Sain, *Id.* at 319, 83 S.Ct. 745; Fay v. Noia, *supra.*

(1) The trial court "actually reached and decided the issues of fact tendered by the defendant." Here the trier of fact on the § 2255 issue was the sentencing judge below. He found against the defendant on the facts, *i. e.,* that his first claim was false and his second contrary to his statements on the record made at the time of his plea.

(2) The trial court obtained and had before him a transcript of the proceedings as they occurred at the arraignment and the sentencing. He carefully scrutinized this record, as his ruling discloses.

(3) The trial court determined the fact-finding procedure was adequate, orderly and sufficient for a determination of the truth of the charges.

(4) No newly discovered evidence was offered or referred to, which affected the constitutionality of the defendant's detention.

(5) No new evidence was suggested "crucial to the adequate consideration of the constitutional claim."

Unlike the situation in United States v. Hayman, 342 U.S. 205, 209, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952), where the crucial factual issue concerned the knowledge and consent of the defendant to his counsel's joint representation of himself and another defendant, and where the Government conceded that the defendant's presence was necessary at the § 2255 hearing, resolution of the issues in the present case did not turn on the defendant's state of mind but, rather, upon objective facts.

■ Nor do we find any violation of Rule 11 existed. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) is not applicable. Here the trial judge, before taking the plea (a) addressed the defendant personally (Tr. pp. 3–9); (b) determined the plea was voluntarily made (Tr. pp. 6–9); (c) determined the defendant understood the nature of the charge against him (Tr. p. 5, line 23 to p. 6, line 14); (d) determined the defendant understood the consequences of the plea (Tr. p. 7, line 7 to p. 8, line 1); (e) determined there was a factual basis for the plea (Tr. p. 5, line 23 to p. 6, line 2).

We do not believe the ends of justice would be served by reaching the merits of the second and subsequent application in view of the consideration of the matter, on its merits, when first presented.

Affirmed.