Frank Delfino **PORTILLO**, Appellant,

v.

**UNITED STATES ATTORNEY GENERAL**, Appellee.

No. 25036.

United States Court of Appeals, Ninth Circuit.

May 22, 1970.

* Of the Eastern District of New York, sitting by designation.

G. Dennis Adams, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE,* District Judge.

PER CURIAM:

Portillo, a federal prisoner, sought relief under 28 U.S.C. § 2255. The District Court, concluding that an evidentiary hearing was not required, denied Portillo's petition, and this appeal followed.

On August 3, 1967, Portillo pleaded guilty to the offense proscribed by 26 U.S.C. § 4724(a). At the time of his plea, he was represented by counsel. He was awarded the mandatory minimum sentence of five years confinement with the court's recommendation "that he receive treatment as a narcotic addict at a Public Health Institution." The guilty plea was entered after the Government filed a superseding Information charging the offense to which the plea was entered. He was first charged with having violated the provisions of 21 U. S.C. § 174. Since he had previously been convicted of a similar offense, the court would have been required, had Portillo been convicted under that section, to prescribe a minimum period of confinement of not less than ten years. In his section 2255 petition, Portillo made several contentions, only three of which are worthy of mention. These were to the effect that he was inadequately represented by counsel, that he was incompetent to enter his plea of guilty because he was suffering from narcotic withdrawal symptoms at the time, and that the District Court inadequately advised him of the consequences of his plea. We have carefully examined the record, and it wholly belies these contentions.

It appears that the efforts of Portillo's attorney were not only conscientious but also most beneficial to his client. It is obvious that it was through the attorney's efforts that the court, over the Government's initial objection, permitted a substitution of an accusation which allowed the court to award a more lenient sentence than would have, in the beginning, been possible. With reference to this, there was an extended colloquy between the court and counsel in open court and at a time when Portillo was present. During this colloquy, and after the supplemental Information was filed, the court specifically advised Portillo that if he pleaded guilty, he "could be sent to prison for a period of twenty years * * *." The court further advised the accused that he "could not receive the benefit of either probation or parole * * *." In the course of the colloquy, the court acceded to the request of Portillo's counsel that there be a recess in order that the attorney might more fully explain the proceedings to his client. Portillo twice stated to the court with respect to the consequences of his plea, "I understand now." When the

* Honorable William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

court inquired, "Is this plea now on your part voluntary?", Portillo replied, "Yes, it's voluntary." The record reveals a much more searching inquiry by the sentencing judge, as well as more solicitous explanation, than that approved by our court's majority opinion in Hodge v. United States, 414 F.2d 1040 (9th Cir. 1969). Finally, Portillo was questioned specifically concerning his physical condition. While he indicated that he was then feeling somewhat ill, he adamantly insisted that his judgment was not in any way impaired. Furthermore, his attorney informed the court that Portillo had been able to "communicate * * * very satisfactorily." See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (May 4, 1970).

From the whole record, we conclude, as did the District Court, that Portillo knowingly and intelligently entered his plea after having been fully advised of its consequences and that he was adequately, if not more than adequately, represented by competent counsel at the time.

Affirmed.