**Arthur REED, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 24549.

United States Court of Appeals,
Ninth Circuit.

April 30, 1971.

---

Kilkenny, Circuit Judge, dissented and filed opinion.

Arthur Reed, Jr., in pro per.

Robert L. Meyer, U. S. Atty., Robert L. Brosio, Chief, Criminal Division, George G. Rayborn, Asst. U. S. Atty. Los Angeles, Cal., for appellee.

Before BARNES, BROWNING and KILKENNY, Circuit Judges.

BARNES, Circuit Judge:

After pleading guilty to robbing a National Bank in violation of 18 U.S.C. § 2113(a), petitioner-appellant (hereafter petitioner) was sentenced to twelve years in prison on February 5, 1968, under the provisions of 18 U.S.C. § 4208 (a) (2). He thereafter instituted two *habeas corpus* motions under 28 U.S.C. § 2255; these proceedings were dismissed without evidentiary hearings on August 8, 1968 (C.T. Vol. II pp. 8–10) and January 10, 1969 (C.T. Vol. II pp. 31–32), respectively.

The proceeding resulting in this appeal, which raises essentially the same issue as the previous two, was filed on May 19, 1969, and dismissed on May 28, 1969. In none of the proceedings was the petitioner accorded a formal evidentiary hearing because the habeas judge, who was also the sentencing judge, believed that the record clearly established that the petitioner's claim was patently without merit. Jurisdiction over this appeal rests upon 28 U.S.C. § 1291. For reasons stated in the following discussion, we feel required to reverse and remand.

The essence of petitioner's claim in all three *habeas* proceedings in the District Court and in this appeal is that he was the recipient of certain promises from his court-appointed attorney concerning possible sentencing under the Youth Corrections Act that were not fulfilled which caused his plea of guilty to be involuntary.[1] We note that no allega-

---

1. We note in passing that petitioner's opening and reply briefs come close to con-

ceding that there actually were no promises made by his attorney. For example,

tion is made as to any alleged agreement or "deal" between the Assistant U. S. Attorney on the one hand, and the petitioner or his attorney on the other, nor any participation in any agreement by the Court.

After petitioner instituted his first *habeas* proceeding, which asserted the above-described claims, the *habeas* judge wrote directly to petitioner's court-appointed attorney, who had represented him at trial. The letter recited the alleged promises made by the attorney to petitioner and directed the attorney to respond within one week by affidavit. The attorney responded in part, in the following manner:

> "Affiant at no time promised a sentence of any kind, under the Youth Corrections Act or otherwise, to defendant Arthur Reed, Jr. Affiant has made a practice in all criminal cases handled by affiant to attempt to discuss fully the matter of sentence with defendants prior to the time of their entering a plea of guilty. However, affiant has always attempted to make it clear that the matter of sentence was entirely up to the Court and that no promises of any kind could be made with respect to the sentence that

might be imposed by the Court." (C. T. Vol. IA pp. 29–30)

On the basis of the affidavit of the attorney and the record of the case, which established full compliance with Rule 11, Fed.R.Crim.Proc., (See C.T. Vol. II pp. 12–22) the petitioner's section 2255 motion was denied without an evidentiary hearing. No timely appeal was filed in that or the subsequent proceeding, which raised essentially the same issue and which was similarly dismissed on January 10, 1969. (See C.T. Vol. II pp. 31–32)

On May 19, 1969, petitioner instituted a third *habeas* proceeding and reiterated the claim that his attorney's promises of treatment under the Youth Corrections Act had elicited an involuntary plea of guilty requiring relief under 28 U.S.C. § 2255. (C.T. Vol. I, pp. 2–21) The Federal *habeas* judge who was, as stated earlier, the sentencing judge and who presided in the previous *habeas* applications, again entered an order denying without hearing the motion. That order stated in relevant part:

> "* * * The court has examined the said new motion and the various documents filed in support thereof. It conclusively appears that Petitioner is

---

he recounts the events at trial in the following manner:

"What was the mind of the indigent defendant on January 16, 1968(?) (the date the guilty plea was entered).

"A young negro youth charged with bank robbery, along with a younger brother, Gerald M. Reed.

"The defendant facing a possible twenty years, being represented by a public defendant (sic). A young man, who had been advised by the public defendant, that upon a verdict of guilty a twenty year sentence * * * would be imposed, *but upon a plea of guilty there was a possibility of the 'Youth Act'* carring (sic) a mere six year sentence." (Appt's Op.Br. pp. 2–3) [Emphasis added.]

In appellant's reply brief, the following passage appears after a lengthy quote from the detailed affidavit of his court-appointed counsel, who had *specifically denied* the allegations of the first § 2255 motion:

"With all due respect to defendant's Attorney the above cited is *reasonably true*, but the youth act was discussed, and counsel led the defendant to believe that he would be sentenced to the Youth Act, as a youthful offender * * *" (Appt's Reply Br. p. 3) [Emphasis added.]

Finally, appellant's reply brief contains the following account of the advice tendered to him before the plea of guilty.

"Counsel advised the defendant that the prosecution has a very strong case, after that positive identification, Why not let me try to change your plea to Guilty, I'll *see if I can get you the Youth Act*, that's only six years, and Bank Robbery carries twenty years and a $5,000 fine, the defendant agreed to plea (sic) Guilty Provided that he would get the Youth Act." (Appt's Reply Br. pp. 4–5 capitalization and punctuation as they appeared in the original.) [Emphasis added.]

entitled to no relief. No hearing is necessary or appropriate."

The order went on to state that petitioner's claims had been finally adjudicated in the previous two proceedings.

We agree with the government that the sole issue raised in this appeal is the following: "Did the trial judge err in deciding without a hearing that defendant's plea of guilty was voluntary?" (Gov't.Br. p. 1)

In Machibroda v. United States, 368 U.S. 487, 494–496, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962), the Supreme Court directed itself to the difficult problem of enunciating a standard for determining when a motion under 28 U.S.C. § 2255 requires a full evidentiary hearing. In that case petitioner, by way of motion and affidavit specified in detail three occasions, fully identified as to time and place, when an Assistant United States Attorney, allegedly on the authority of the federal trial judge, made a "deal" with petitioner as to the maximum sentence he would receive if he pleaded guilty. Moreover, threats were alleged that petitioner would face other criminal charges if he divulged the terms of the deal. Petitioner contended that the alleged promises and threats rendered his plea of guilty involuntary.

The government opposed petitioner's motion with an affidavit by the named Assistant United States Attorney denying the allegations. The District Judge, placing great weight on the affidavit, denied the motion without a hearing.

The Supreme Court reviewed the language of 28 U.S.C. § 2255 and focused in particular on the following:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing. * * *" (28 U.S. C. § 2255)

It concluded on the facts present in *Machibroda* that:

"This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." 368 U.S. at 494–495, 82 S.Ct. at 514.

The Supreme Court therefore granted a hearing.

Recent cases in this Circuit underscore the difficulty of articulating a general rule that might easily be applied by federal trial judges to determine whether a hearing is required in each of the widely diverse and increasingly numerous § 2255 motions.

■■■ When specific allegations as to the time, place and parties involved in promises of leniency or unfulfilled agreements or "deals" between criminal defendants *and government officials* are made to establish an involuntary plea of guilty, cases in this Circuit and elsewhere clearly require an evidentiary hearing. *Cf.* McMann v. Richardson, 397 U.S. 759, 765, 90 S.Ct. 1441, 25 L. Ed. 2d 763. Even a complete record of the trial proceeding in full compliance with Rule 11, Fed.R.Crim.Proc., is not conclusive, but only evidentiary. United States v. Tweedy, 419 F.2d 192, 194 (9th Cir. 1969) (Rule approved but dismissed without hearing. Affirmed on other grounds); Jones v. United States, 384 F.2d 916, 917 (9th Cir. 1967) (per curiam). Acts inconsistent with the allegations in the *habeas* petition that are established by evidence apart from the record (such as letters from the defendant to the court), may serve as the basis for the denial of the *habeas* motion without hearing. United States v. Tweedy, *supra*, at 194–195. Moreover, vague, obviously inaccurate or conclusory allegations of promises of leniency in the face

of a complete record to the contrary may support a dismissal without hearing. Meeks v. United States, 427 F.2d 881 (9th Cir. 1970) (conclusory allegations); Richerson v. United States, 411 F.2d 656, 657 (9th Cir. 1969) (incorrect name of Assistant U. S. Attorney who allegedly made deal); Earley v. United States, 381 F.2d 715, 716 (9th Cir. 1967) (conclusory allegations).

■ We have held that a hearing is not required when the *habeas* judge finds conclusive independent evidence in the record that motivated a plea of guilty apart from any alleged promises or deals with government officials. Austin v. United States, 408 F.2d 808, 812 (9th Cir. 1969); Dennis v. People of State of California, 414 F.2d 424 (9th Cir. 1969).

In Castro v. United States, 396 F.2d 345 (9th Cir. 1968) (en banc), the full court reversed the denial without hearing of a § 2255 motion alleging erroneous advice of counsel resulting in an involuntary plea of guilty. The amended § 2255 motion was supported by an affidavit of counsel *admitting* the substance of the allegations.

In Portillo v. United States Attorney General, 427 F.2d 173 (9th Cir. 1970), a panel of this Court affirmed, on the basis of the record, the denial of a § 2255 motion alleging incompetent representation. The opinion relied heavily upon a complete transcript of the explanation given to the petitioner of the charges and the consequences of pleading guilty.

More recently in Lopez v. United States, 439 F.2d 997 (9th Cir. 1971), in considering the District Court's reliance on the affidavit of trial counsel (which denied the petitioner's allegations), this Court said:

"We have great sympathy with the judge's views; it appears quite improbable that Lopez's motion is in fact meritorious."

Nevertheless, this Court held that it could not be said "that the motions and files and records conclusively show that Lopez is entitled to no relief", and re-

versed the trial court's denial of relief on the ground it was "frivolous within the meaning of 28 U.S.C. § 1915(d)."

*Cf.* also Gomez v. United States, 396 F.2d 323 (9th Cir. 1968); Christy v. United States, 437 F.2d 54 (9th Cir. 1971).

Moreover, we are faced with the language of our holding in Doyle v. United States, 336 F.2d 640, 641, that

"While the (attorney's and sheriff's) affidavits counter Doyle's factual allegations, they are not a part of the 'files and records of the case' within the meaning of section 2255. (citing cases). Doyle is therefore entitled to an evidentiary hearing on this ground."

■ Thus, this Court (as did the Court in *Lopez, supra*) feels a great sympathy with the trial court's views. This is particularly true when the alleged promise has allegedly been made by petitioner's attorney only, without any participation or knowledge on the part of the prosecuting agency, or the judge. A remand and a hearing may well be an exercise in futility, as far as any real benefit to the petitioner is concerned.

Nevertheless, after much consideration, we feel required to reverse, and remand for the hearing, which has not yet taken place.

In addition to the cases cited above, we rely principally, in support of this ruling, on United States v. Salerno, 290 F.2d 105, 106 (2nd Cir. 1961); Machibroda v. United States, 368 U.S. 487, 494–495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Walker v. Johnson, 312 U.S. 275, 286–287, 61 S.Ct. 574, 85 L.Ed. 830 (1941). *Cf.* also: Coleman v. Wilson, 401 F.2d 536, 537 (9th Cir. 1968), cert. den. *sub nom* Nelson v. Coleman, 393 U.S. 1065, 89 S.Ct. 719, 21 L.Ed.2d 708 (1969), and Wright v. Dickson, 336 F.2d 878, 882–3 (9th Cir. 1964).

Reversed and remanded for further proceedings. We suggest that the Court appoint counsel for the petitioner.

**574**

KILKENNY, Circuit Judge (dissenting):

I believe the provisions of 28 U.S.C. § 2255 and the general principles stated in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), require an affirmance. I emphasize that this is the third 2255 proceeding prosecuted by appellant. Essentially the same issue is involved in all three petitions. Section 2255 prohibits this repetition.