Vincent **FERRARA**, Petitioner-Appellee,

v.

**UNITED STATES of America,**
Respondent-Appellant.

**No. 76–1427.**

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1977.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellant.

Thomas J. O'Brien, New York City, James A. Moore, Houston, Tex., for petitioner-appellee.

Before GEWIN, GEE and FAY, Circuit Judges.

GEWIN, Circuit Judge:

This case presents the novel issue whether a district court can grant relief pursuant to 28 U.S.C. § 2255 without a hearing.[1] Appellee was convicted in 1964 of conspiring to smuggle heroin into the United States and was sentenced to eighteen years' imprisonment. In August, 1974, he filed a motion to have his conviction and sentence vacated on the ground that the government had failed to correct the testimony of its key witness, allegedly known by the government to have perjured himself. In support of his motion appellee cited testimony elicited in 1972 before the same district court at a hearing on the motion of one Stassi, who was denied relief. The government filed a general denial in answer to the motion, and the court granted the motion without a hearing. Upon motion for a hearing by the government, the court withdrew the order but without a hearing substituted for it another memorandum and order dismissing the indictment, vacating the conviction, and setting aside the sentence. The government appeals. We reverse.

Appellant contends that district courts have no authority to grant relief pursuant to section 2255 without a hearing when opposed by the government. Appellee argues, however, that district courts may grant relief in the nature of summary judgment against the government as a complement to the statutory authorization for prehearing judgment against the movant. Our analysis must begin with section 2255, which provides in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

A section 2255 proceeding is regarded as an independent civil suit, not as a continuation of the original criminal proceedings. *Heflin v. United States*, 358 U.S. 415, 418 n.7, 79 S.Ct. 451, 3 L.Ed.2d 407, 410 n.7 (1959); 8A J. Moore, Federal Practice ¶ 35.04 (2d ed. 1976). As such it is settled that the statutes and rules governing civil proceedings determine the right to appeal under section 2255. *Id.*; R. Sokol, Federal Habeas Corpus § 24.4 at 182 (2d ed. 1969).

Courts are in disagreement, however, as to whether the Federal Rules of Civil Procedure should otherwise apply in collateral proceedings attacking criminal convictions. Sokol, *supra*, §§ 18, 24.4. The Supreme Court has held that it is within the discretion of the district court to allow use of civil discovery devices in proceedings under 28 U.S.C. § 2243. *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 22 L.Ed.2d 281, 285–86 (1969). This court has held that habeas proceedings are civil proceedings governed by the FRCP. *United States ex rel. Seals v. Wiman*, 304 F.2d 53, 64 (5th Cir. 1962), *cert. denied*, 372 U.S. 915, 83 S.Ct.

---

1. The Assistant United States Attorney informed us at oral argument that relief has been granted in the past in the Southern District of Texas under section 2255 without a hearing. In those instances, however, the district judge would inform the government that the section 2255 motion appeared to have merit and the government would enter a confession of error.

This practice has occurred where, for example, a section 2255 motion attacked a conviction based on a statutory presumption since held to be invalid by the Supreme Court. In the instant case the government has not admitted error but instead insists that the conviction was validly obtained and that it is entitled to a hearing to establish that fact.

717, 9 L.Ed.2d 722 (1963). That holding, as well as the holdings of other courts, was in the context of deciding whether civil discovery rules apply in collateral proceedings. It is important to note that the conclusion in *Wiman* is supported by citation to FRCP 81(a)(2), which states that:

These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions.

A statute of the United States, 28 U.S.C. § 2255, does establish the procedure for holding a hearing or for ruling prior to a hearing. District courts must proceed in disposing of such motions in conformity with the statutory provisions. *Machibroda v. United States*, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473, 478 (1962). Commentators and courts unanimously have construed section 2255, in accordance with its literal language, to mean that a hearing *must* be held "[u]nless 'the motion and files and records of the case conclusively show that *the prisoner* is entitled to no relief.'" (Emphasis supplied) *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169, 172 (1973); *Reed v. United States*, 441 F.2d 569, 572 (9th Cir. 1971); *Tucker v. United States*, 138 U.S.App.D.C. 345, 427 F.2d 615, 617 (1970); 8 J. Moore, Federal Practice ¶ 11.04[2] (2d ed. 1976).

■ Here the district court apparently concluded that the record conclusively showed that appellee was entitled to relief without a hearing. Granting relief from a conviction and sentence without a hearing is not authorized by statute, and therefore the district court must be reversed. On remand the court must hold a hearing at which appellee may introduce additional evidence supporting his claim and at which the government may introduce evidence contradicting, rebutting, or explaining the testimony elicited in the Stassi hearing or any other pertinent evidence.

REVERSED and REMANDED.