Richard Bernard **LINDHORST,**
**Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 77–1706.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1978.

Decided Oct. 16, 1978.

---

Jack S. Nordby of Thomson, Nordby & Peterson, St. Paul, Minn., argued and on brief, for appellant.

Richard B. Lindhorst, Jr., pro se.

John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa (argued), and Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before STEPHENSON, Circuit Judge, INGRAHAM, Senior Circuit Judge,* and HENLEY, Circuit Judge.

INGRAHAM, Senior Circuit Judge.

Appellant Richard Bernard Lindhorst, Jr., a federal prisoner incarcerated at Leavenworth, Kansas, appeals from the district court's denial of his motion for post-conviction relief under 28 U.S.C. § 2255 (1970). Appellant was convicted by a jury of robbing a federally insured bank, in violation of 18 U.S.C. § 2113(d) (1970), and sentenced to twenty years in prison. The conviction was affirmed on direct appeal. *Lindhorst v. United States,* No. 75–1928 (8th Cir. May 13, 1976). Appellant pro se filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255 (1970). The district court summarily denied the motion for post-conviction relief without an evidentiary hearing. We hold that the district court erred in summarily dismissing appellant's motion and remand the case for an evidentiary hearing.

* The Honorable Joe M. Ingraham, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. In chambers, appellant complained that Mr. Holmes had neither conducted pre-trial investigation nor discussed the case with him. Mr. Holmes did not dispute appellant's charges that he had not interviewed prosecution witnesses or discussed the case with him. He stated that witness interviews were unnecessary because the eyewitness testimony could be adequately cross-examined at trial. Mr. Holmes had reviewed pertinent government files in the case. The district judge told appellant that dismissing Mr. Holmes would "be a poor decision" which

Appellant was indicted for the December 20, 1974, robbery of the Farmers Savings Bank in Wever, Iowa. Mr. Clark Holmes was appointed counsel for appellant. On appellant's motion prior to trial, the district court ordered a psychiatric examination of appellant, the results of which led the court to find appellant competent to stand trial. On the day set for jury selection, November 3, 1975, appellant moved to dismiss Mr. Holmes as counsel on the ground that he had not adequately prepared for trial. The district court and prosecution persuaded appellant to proceed with Mr. Holmes as counsel.[1]

At the trial, the only two government witnesses who could positively identify appellant with the crime were Thomas and James DeSherlia, appellant's brothers-in-law, who allegedly participated in the robbery with appellant. In return for Thomas DeSherlia's testimony, the United States Attorney's office promised to drop bank robbery charges against him, to assist him in securing a transfer from the Florida State Penitentiary, and to recommend against imposition of the death penalty in an Alabama murder trial. In return for James DeSherlia's testimony, the government agreed to drop bank robbery charges against him and to recommend dismissal of a first degree murder charge in the Alabama murder case. The terms of the agreements were disclosed to Mr. Holmes and the court and stipulations briefly describing the agreements were read to the jury.[2]

would make it "pretty difficult for yourself." The prosecutor told appellant that Mr. Holmes had a fine reputation as a defense lawyer.

2. At oral argument, the government attorney conceded that without the DeSherlia brothers' testimony, "it would have been very difficult if not impossible to obtain a conviction." *Cf. United States v. Johnson,* 582 F.2d 1186, 1188 (8th Cir. 1978). Appellant was not present in chambers during discussion of their testimony and was apparently surprised at the concessions made for their testimony. Thomas DeSherlia testified that he hated appellant and would kill him if the opportunity arose.

The jury rendered a guilty verdict on November 7, 1975. When appellant questioned the adequacy of his pre-trial psychiatric examination at his sentencing, the district court informed appellant that the issue should be raised by motion for post-conviction relief. Appellant was sentenced to twenty years imprisonment.

On December 9, 1975, appellant filed both a notice of appeal and a § 2255 motion to vacate sentence. The motion for post-conviction relief alleged that the pre-trial psychiatric examination was inadequate in that appellant's history of mental disorders was not accounted for. The district court dismissed this motion as premature, because of the pending appeal of his conviction. The conviction was affirmed on May 13, 1976.[3]

Appellant pro se filed the § 2255 motion at issue here on September 8, 1976. Four grounds for relief were alleged: (1) the prosecution's knowing use of perjured testimony of Thomas and James DeSherlia; (2) newly discovered evidence, affidavits of Thomas and James DeSherlia admitting to perjury at trial; (3) ineffective assistance of counsel due to Mr. Holmes' failure to conduct pre-trial investigation; and (4) the prosecution's failure to produce evidence under the Jencks Act, 18 U.S.C. § 3500 (1970).

Appellant's motion rested in large part upon the sworn affidavits of Thomas and James DeSherlia wherein they claim to have falsely accused appellant at trial because of threats and promises made by the prosecution and that the prosecution knew their trial testimony was false. The government's response to appellant's mo-

tion rested largely upon affidavits of the then United States Attorney and Assistant United States Attorney who prosecuted appellant and of the attorneys who were appointed to represent Thomas and James DeSherlia in appellant's case. Appellant subsequently submitted interrogatories to Thomas and James DeSherlia concerning the circumstances of their trial testimony. In their sworn answers filed with the court, they restated their admissions to perjury and provided more specific details than they had in their affidavits.[4]

On cross-motions for summary judgment the district court on July 14, 1977, ruled for the government and dismissed appellant's § 2255 motion without an evidentiary hearing. The reasons for the district court's summary disposition of the motion were the credibility attributed to the affidavits submitted by the government and the district court's earlier observation of the demeanor of the recanting witnesses at trial.[5]

■ The district court erred in concluding, without the benefit of an evidentiary hearing, that the government did not knowingly use perjured testimony. "While the general rule is that a hearing is necessary prior to the disposition of all § 2255 motions presenting factual issues, (citations omitted), this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief.'" *Cain v. United States,* 271 F.2d 337, 338 (8th Cir. 1959); *accord Fontaine v. United States,* 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973).[6]

---

**3.** Appellant's sole argument on direct appeal was that the testimony of the DeSherlia brothers was inherently unreliable and per se inadmissible, because it was induced by plea bargaining.

**4.** The DeSherlia brothers' affidavits also stated that they were under the influence of drugs at appellant's trial. Their affidavits were given at the Huntsville, Alabama, jail. Thomas DeSherlia answered appellant's interrogatories from the Florida State Penitentiary, and James DeSherlia apparently answered the interrogatories from the Georgia State Penitentiary. Ap-

pellant was at all times incarcerated at Leavenworth, Kansas.

**5.** The same judge who ruled on appellant's § 2255 motion presided over his trial.

**6.** Section 2255 provides in part:
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

Neither the motion nor the files and records of the instant case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1970). The motion specifically alleges with supporting affidavits government use of perjured material testimony with knowledge of its falsity. *Cf. Daniels v. United States,* 295 F.2d 238, 239 (8th Cir. 1961), *cert. denied,* 368 U.S. 1001, 82 S.Ct. 633, 7 L.Ed.2d 540 (1962); *Harshaw v. United States,* 542 F.2d 455, 457 (8th Cir. 1976).

■ The district court erroneously treated the affidavits submitted by the government as part of the "files and records of the case." In effect, the court credited the government's affidavits denying the knowing use of perjured testimony and discredited the appellant's affidavits alleging the same. As the Second Circuit has declared: "[A]n opposing affidavit by the Government is not part of 'the files and records of the case' which can be taken to 'conclusively show that the prisoner is entitled to no relief,' within 28 U.S.C. § 2255. The principle was established by the Supreme Court as long ago as *Walker v. Johnston,* 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941), and *Waley v. Johnston,* 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942)." *Taylor v. United States,* 487 F.2d 307, 308 (2nd Cir. 1973); *accord Pennsylvania ex rel Herman v. Claudy,* 350 U.S. 116, 123, 76 S.Ct. 223, 100 L.Ed. 126 (1956); *Machibroda v. United States,* 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).[7] The Supreme Court observed in a similar case: "It is true that they [appellant's allegations] are denied in the [government] affidavits filed with the return to the rule, but the denials only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination *ore tenus* or by deposition as are all other witnesses." *Walker v. Johnston,* 312 U.S. 275, 286–87, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941).

■ This is not the kind of case which the district judge "could completely resolve by drawing upon his own personal knowledge or recollection." *Machibroda v. United States,* 368 U.S. at 494, 82 S.Ct. at 514. The district judge cannot credit the recanting witnesses' trial testimony and discredit their affidavits without affording appellant an opportunity to prove the allegations. Although recantations are generally viewed with suspicion, *see Johnson v. United States,* 291 F.2d 150, 154 (8th Cir. 1961), the contention that the "allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence." *Walker v. Johnston,* 312 U.S. at 287, 61 S.Ct. at 579. An evidentiary hearing is required to determine whether the government knowingly used perjured material testimony.

■ On the basis of the disposition of the perjury allegation the district court rejected the related arguments of newly discovered evidence and ineffective assistance of trial counsel. Although some of the same facts undergird the allegations of knowing use of perjury, newly discovered evidence,[8] and ineffective assistance of

---

**7.** *See also Copenhaver v. Bennett,* 355 F.2d 417, 421 (8th Cir. 1966); *Reed v. United States,* 441 F.2d 569, 572 (9th Cir. 1971); *Doyle v. United States,* 336 F.2d 640, 641 (9th Cir. 1964); *Stidham v. Wingo,* 452 F.2d 837, 841 (6th Cir. 1971).

**8.** When newly discovered evidence is the ground for a § 2255 motion, the district court should apply the same substantive test which governs a motion for a new trial under Fed.R. Crim.P. 33 premised upon the same ground. *Everitt v. United States,* 353 F.2d 532 (5th Cir. 1965). In order to prevail on a motion for a new trial because of newly discovered evidence,

(1) the evidence must be in fact newly discovered, that is, discovered since the trial; (2) facts must be alleged from which the court may infer diligence on the part of the movant; (3) the evidence relied upon must not be merely cumulative or impeaching; (4) it must be material to the issues involved, and (5) it must be of such nature that, on a new trial, the newly discovered evidence would probably produce an acquittal. *United States v. Pope,* 415 F.2d 685, 691 (8th Cir.), *cert. denied,* 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1969).

counsel,[9] the allegations are independent grounds for post-conviction relief. Inasmuch as we are reversing and remanding for an evidentiary hearing on the perjury issue, and since appellant's claims of newly discovered evidence and ineffective assistance of counsel are not devoid of merit, these issues should be addressed in the evidentiary hearing as well. *See Wilwording v. Swenson,* 502 F.2d 844, 847 n.4 (8th Cir. 1974).

Appellant's claim that the government failed to produce evidence under the Jencks Act, 18 U.S.C. § 3500 (1970), is not cognizable in a § 2255 proceeding. *Houser v. United States,* 508 F.2d 509, 515 (8th Cir. 1974). Appointed counsel on this appeal has argued that appellant's pro se motion should be read broadly, *see Hill v. Wyrick,* 570 F.2d 748 (8th Cir. 1978), and that appellant as a layman misclassified as Jencks Act evidence that evidence which the prosecution must disclose under *Brady v. Maryland,* 373 U.S. 83, 86–88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The failure to disclose *Brady* evidence is cognizable in a § 2255 proceeding. *Houser v. United States,* 508 F.2d at 517–18. In the interest of fairness and judicial economy, we instruct the district court to permit appellant to amend his motion to clarify the nature of the evidence which allegedly should have been but was not disclosed by the government.

For the same reasons, appellant will be permitted to amend his motion to include as a ground for post-conviction relief his allegation of incompetency to stand trial. *See Schutz v. United States,* 432 F.2d 25, 29 (10th Cir.), *cert. denied,* 401 U.S. 1002, 91 S.Ct. 1245, 28 L.Ed.2d 535 (1970).

Neither the motion nor the files and records of the case conclusively show that appellant is entitled to no relief. Accordingly, we reverse the district court's summary denial of appellant's motion to vacate sentence and remand for an evidentiary hearing.

REVERSED AND REMANDED.

**9.** *See McQueen v. Swenson,* 498 F.2d 207, 218 (8th Cir. 1974); *Thomas v. Wyrick,* 535 F.2d 407 (8th Cir.), *cert. denied,* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976).