UNITED STATES of America, Appellee,

v.

**Max John "M.J." PROBST, Appellant.**

UNITED STATES of America, Appellee,

v.

**Max John PROBST, Appellant.**

No. 85–2224.

United States Court of Appeals,
Eighth Circuit.

Submitted March 6, 1986.

Decided May 30, 1986.

**112**

Robert A. Newcomb, Little Rock, Ark., for appellants.

Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

PER CURIAM.

Max John Probst appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas denying his petition brought pursuant to 28 U.S.C. § 2255. Appellant sought to have his sentence vacated because of alleged due process violations. For reversal appellant argues that the district court erred in (1) refusing to transfer the petition to another judge, (2) refusing to hold an evidentiary hearing, and (3) dismissing his petition. For the reasons discussed below, we affirm.

Appellant, an attorney, was indicted on August 17, 1982, by a grand jury in the Eastern District of Arkansas in a fourteen-count indictment. Appellant pled guilty to one count of mail fraud and one count of conspiracy to commit bank robbery. On November 23, 1982, he was sentenced to eight years imprisonment.

On August 20, 1985, appellant filed a petition to vacate his sentences on the grounds that the district court failed to disclose that it would consider the transcript of a conversation between appellant and a co-defendant in determining the sentence. This tape-recorded conversation between appellant and a co-defendant was part of the evidence appellant sought to have suppressed by the district court prior to trial. The transcript of the tape was provided to the court for its use in ruling on appellant's motion to suppress.

The district court, which was the sentencing court, denied appellant's request that the case be transferred to another judge because "[t]he sentencing court herein is in the best position to deal with the issues ... since it is aware of the factors resulting in the sentence imposed as well as the history surrounding submission of the transcript at issue." *United States v. Probst*, No. PB–CR–82–15–1 (E.D.Ark. Sept. 11, 1985), slip op at 3 (order). The district court also concluded that no evidentiary hearing was required because "'the motion and the files and records of the case conclusively show that [appellant] is entitled to no relief.'" *Id.* at 2 (citation omitted). The district court further held that appellant through his attorneys knew that the district court had reviewed the transcript as part of its consideration of appellant's motion to suppress and motion to sever and did not raise this issue at the sentencing hearing. Lastly, the district court held that appellant was not prejudiced by the court's review of the tape because the transcript was "not relied upon" by the court at sentencing. *Id.* at 3.

Appellant initially argues that the district judge should have disqualified himself pursuant to the provisions of 28 U.S.C.

**1.** The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

§ 455(a). Appellant argues that an impartial observer would question the impartiality of the district judge because the actions of the district judge were being challenged. Appellant, in an affidavit submitted with his petition, alleged that "Judge Woods acknowledged to Charles Matthews [an attorney] that he had read the transcript, had relied on it at sentencing, and still 'could not get it out of his mind.'"

■ We find appellant's contention that the district judge should have disqualified himself to be without merit. A federal judge must disqualify himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "[a] recusal or disqualification motion is committed to the sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion." *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1399 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984). In this case appellant asserted that the district judge failed to disclose that he had reviewed the transcript and that he had improperly relied on the transcript in sentencing. A reasonable person would not believe that a district judge could not impartially consider and decide these claims. Merely alleging, as appellant does here, that the district judge ultimately found against appellant on these claims does not show bias sufficient to require disqualification. *Ouachita National Bank v. Tosco Corp.*, 686 F.2d 1291, 1301 (8th Cir.1982). Therefore, the district judge did not abuse his discretion in refusing to disqualify himself.

Appellant next argues that the district court erred in refusing to grant an evidentiary hearing. Appellant asserts that there were two factual disputes: (1) whether appellant at the time of the sentencing hearing was aware that the district court had reviewed the transcript and (2) whether the district court relied on the transcript in sentencing. In the alternative appellant argues that the district court should have granted appellant an opportunity to submit affidavits and to engage in other forms of discovery in order that there would be a sufficient record upon which to make a proper decision.

■ "While the general rule is that a hearing is necessary prior to the disposition of all § 2255 motions presenting factual disputes ..., this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they 'conclusively show that the prisoner is entitled to no relief.'" *Lindhorst v. United States*, 585 F.2d 361, 364 (8th Cir.1978), *citing Cain v. United States*, 271 F.2d 337, 338 (8th Cir.1959). We agree with the district court that this case represents an exception to the hearing requirement. The record clearly shows that appellant, through his attorneys, knew that the district court had received and would review the transcript in considering appellant's motion to suppress; appellant's attorneys received a copy of the September 30, 1982, letter which transmitted the tape to the district court and which advised that the tape would be reviewed by the court in camera. The record also clearly shows that the district court did not rely on the transcript in determining the sentence. Appellant was sentenced to five years—the maximum—on the conspiracy charge. He was sentenced to three years on the arson charge; the maximum sentence was ten years. The district court repeatedly stressed[2] during the sentencing hearing

---

**2.** The following are examples of the district court's statements during the sentencing hearing:

It [the bank robbery] was a crime in which pistols were used. It was crime in which people were held at gunpoint while large sums of money were taken from a bank. It was a crime where a diversion was created by the explosion of a pipe bomb in the toy department of a Ben Franklin store.
. . . .
... [A]rson is a terrible crime....
... [Arson is] a very violent crime, which not only endangers the people who may get caught up in the fire but the people that go to put out the fire....
. . . .

that the sentences were based on the violent nature of the crimes and appellant's abuse of his position of public trust as an attorney.

■ Lastly, appellant argues that the district court erred in dismissing his petition. This argument is without merit. Appellant was aware that the district court had reviewed the transcript of the taped conversation between appellant and a co-defendant. The government also referred to the tape and the substance of the conversation during the sentencing hearing. Appellant was then given an opportunity to correct or explain any statements made by the government or contained in the presentence investigation report and to make other statements if he wished. Thus, appellant was afforded due process.

Accordingly, we affirm the judgment of the district court.

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

... I am going to run these sentences consecutively, because ... the enormity of the crimes in which you are involved—and another fact that I must also consider, and you have pointed out yourself, is the fact that you are a lawyer.