935 F.2d 270
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eddie GASTON, also known as Best, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1209.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Eddie Gaston, a.k.a. "Best," a pro se federal prisoner, appeals from the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. FedR.App.P. 34(a).
 
 
 2
 In 1987, Gaston was convicted of one count of conspiracy with intent to distribute heroin in violation of 21 U.S.C. Sec. 846 and one count of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. He was sentenced to twenty-five years imprisonment on the heroin count and fifteen years imprisonment, consecutive to the first sentence, on the cocaine count. Following an unsuccessful direct appeal, United States v. Thomas, 875 F.2d 559 (6th Cir.), cert. denied, 110 S.Ct. 189 (1989); Gaston filed his Sec. 2255 motion. He asserted: (1) that his trial counsel was ineffective; (2) that the indictment against him was defective; (3) that the prosecutor committed misconduct during the trial; (4) that his sentence as to count one, the heroin conviction, was illegal; (5) that his counsel on direct appeal was ineffective; and (6) that his conviction on both counts of the indictment against him constituted a double jeopardy violation.
 
 
 3
 The district court denied the Sec. 2255 motion, finding that Gaston's assertions were conclusory and that his sentence and conviction on both counts were not illegal or double jeopardy violations. Gaston has filed a timely appeal. He asserts: (1) that the district court erred in treating his Sec. 2255 motion as a civil rather than a criminal appeal and (2) that the district court failed to consider all of the grounds for relief asserted in his motion.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's order dated January 30, 1991. The district court not commit error by giving Gaston's Sec. 2255 motion a civil rather than a criminal case number. See Ferrara v. United States, 547 F.2d 861, 862 (5th Cir.1977) (citing Heflin v. United States, 358 U.S. 415, 418 n. 7 (1959)). Moreover, the district court also addressed all the issues raised by Gaston because all his claims relate to the issuance of the indictment and the severance of the two counts in the indictment for trial purposes.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.