[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13429
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00028-RH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL RAY ALFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 1, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Michael Ray Alford, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his post-judgment motion for appointment of counsel and expert assistance to prepare his then-anticipated 28 U.S.C. § 2255 motion to vacate. In his *pro se* brief on appeal, Alford asserts the district court erred in denying his motion for assistance because his case presents complex legal and factual issues. Since filing the instant notice of appeal, Alford has filed a purported § 2255 motion and memorandum, which are currently pending before the district court.

As an initial matter, we have construed Alford's post-judgment motion for assistance as civil because it was filed in anticipation of civil habeas proceedings.[1] We review the denial of a civil plaintiff's motion for an expert witness and counsel for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, the court has broad discretion in making this decision and should do so only in

---

[1] We ordered the Government's motion to dismiss for lack of jurisdiction to be carried with the case. After careful consideration, we construe Alford's post-judgment motion, which was filed in anticipation of habeas proceedings, as civil. *See Mayer v. Wall St. Equity Grp. Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012); *Ferrara v. United States,* 547 F.2d 861, 862 (5th Cir. 1977). The order denying the motion was a final and appealable order under 28 U.S.C. § 1291 because it fully resolved the only issues before the court at the time, and Alford's notice of appeal was timely. *See* 28 U.S.C. § 1291; *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). Therefore, we have denied the Government's motion in a separate order.

2

exceptional circumstances. *Id.*; *see also Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir. 1999). Exceptional circumstances include the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotations omitted). The key is whether the *pro se* litigant needs help in presenting the merits of his position to the court. *Id.*

Likewise, there is no constitutional right to counsel in federal habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A district court may appoint counsel to represent a financially eligible person in, *inter alia*, a § 2255 proceeding if "the court determines the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel appointed under this section may obtain expert services upon request of the court or without a prior request if it would be necessary for adequate representation. *Id.* § 3006A(e)(1)-(2). This section does not address appointment of experts for *pro se* litigants. *See id.*

The district court did not abuse its discretion by denying Alford's motion for assistance because there is no constitutional right to counsel during a collateral attack on a conviction, and, notwithstanding his assertion that the law and facts conflicted, he did not demonstrate exceptional circumstances. *See Finley*, 481 U.S. at 555; *Bass*, 170 F.3d at 1320; *see also* 28 U.S.C. § 1915(e)(1). Alford argued in his motion for assistance and his initial brief that he was actually innocent where

3

the Government did not prove he received child pornography through the internet because the images in his computer's thumbcache were generated on his computer, but the images were never actually viewed.  However, irrespective of how the thumbnails were generated, there were images of child pornography in the folder which could recover deleted files, and Alford received emails containing child pornography, which came through the internet.  Moreover, this Court held on direct appeal that the evidence was sufficient for a reasonable jury to conclude he knowingly received or attempted to receive child pornography.  *See United States v. Alford*, 744 F. App'x 650, 656 (11th Cir. 2018).

As demonstrated by his motion for assistance, Alford was able to adequately state his legal argument—citing to legal authority and pages from the record—such that he did not need help in presenting the essential merits of his position to the court.  *See Kilgo*, 983 F.2d at 193.  Therefore, it was not an abuse of discretion, based on the circumstances at the time, to deny Alford's motion for assistance under § 1915(e)(1).  *See Bass*, 170 F.3d at 1320.  For similar reasons, to the extent that § 3006A(a)(2)(B) provides an alternative basis for appointing counsel, the interests of justice did not require the appointment of counsel or experts.  Accordingly, we affirm.

**AFFIRMED.**

4