## DAWSON v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 63, October Term, 1956.]

*Decided February 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Warnken. Petitioner was sentenced to ten years in the Penitentiary by the Circuit Court for Caroline County on October 17, 1946, upon a plea of guilty to murder in the second degree. He was paroled on March 27, 1950, but returned to prison on April 15, 1955, for violation of parole, to serve the remainder of

his sentence. The present petition was filed in November, 1956, and challenges the validity of his conviction in 1946 on constitutional grounds.

The docket entries show that he was arraigned on October 9, 1946, and pleaded not guilty to a charge of murder. The trial court appointed counsel to represent him, and on October 17, 1946, the court granted a motion to withdraw the plea, he was re-arraigned and, through counsel, pleaded not guilty to murder in the first degree and guilty to murder in the second degree: The State accepted the plea and the sentence followed in due course.

Petitioner contends that there was a violation of due process, in that the court accepted the first plea before council was appointed. He relies upon the case of *Herman v. Claudy,* 350 U. S. 116. In that case no counsel was ever appointed, but the trial court in Pennsylvania accepted pleas of guilty to twenty-seven counts of an indictment and imposed sentence. The Supreme Court held that the allegations of coercion by the State officials and his ignorance of the possible effects of the plea made without the benefit of counsel, called for a hearing, even though eight years had elapsed from the time of sentence. But the case is readily distinguishable. In the instant case the plea of guilty to murder in the second degree was not accepted until after competent counsel had been appointed and the earlier plea stricken. The plea of guilty was entered in his presence and without objection on his part. It is well settled that a plea of guilty may be entered through counsel under circumstances indicating understanding and acquiescence on the part of the accused. Cf. *Williams v. Warden,* 209 Md. 641, 643, and *Banks v. State,* 203 Md. 488, 497. The petitioner was not harmed by the acceptance of the first plea of not guilty, and the plea of guilty to the lesser offense was made only after counsel was appointed. We find no merit in the contention that he was deprived of any constitutional right.

*Application denied, with costs.*