## Commonwealth ex rel. Hill v. Myers

*Beverly Hill,* for relator.

*Benjamin H. Renshaw, Jr.,* Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for respondents.

SLOANE, P. J., July 20, 1960.—Petitioner was tried by this court sitting without a jury and found guilty of sodomy and corrupting the morals of a minor child on bills 1419 and 1420, July sessions 1957. On April 14, 1959, he was sentenced by this court on bill 1419, the sodomy bill, to a term of from 5 to 10 years, effective as of the date of committment, November 28, 1958. On bill 1420, charging corrupting the morals of a minor child, sentence was suspended. He is also under a sentence of 5 to 15 years for burglary imposed by Judge Weinrott on bill 1533, January sessions 1959, this sentence running concurrent with our sentence.

In his petition for a writ of habeas corpus, petitioner challenges his sodomy conviction. He alleges that his conviction was caused by "the use of untrue, false and perjured testimony" of the Commonwealth's principal witness, a 10-year old boy complainant; that "he was denied material witnesses essential to his defense"; that material evidence was suppressed; that

the medical report introduced in evidence failed to show that sodomy had been committed or attempted; that the conduct of defense counsel prejudiced the court against petitioner; that the attitude of the trial judge precluded a fair and impartial weighing of evidence.

We carefully reëxamined the record of petitioner's trial and concluded that the petition should be dismissed without the holding of a hearing, for it was apparent from the record itself that none of his allegations had substance.

There was nothing in the petition which specifically alleges that perjured testimony was used, or that the district attorney knew it to be perjured. Rather, what petitioner characterizes as perjury is merely certain differences in the testimony of the boy on cross examination. This at most would go to the question of weight of evidence; it does not go down to perjury.

The boy, Anthony Brisbane, age eight at time of occurrence, age 10 at trial, told a straightforward story of sodomy molestation by defendant; and he was corroborated in important circumstances by his father. Defendant was positively identified as the offender. The boy did so more than once:

"Q. Do you see Beverly Hill in this courtroom?

"A. Yes.

"Q. Where is he?

"A. Right there . . .

"Q. Is there any doubt in your mind that this man is the man? Is this the man? this defendant?

"A. Yes. I am positive. I see him most of the time outside. Sometimes I see him in the store named Joneses . . .

"A. You see, I had been there every time, and every time I come there they said his name. Then I just kept on saying I know him. *I will know him until I die. . . .*

"Q. Did you tell them what the man looked like?

"A. No, I just knew the face. I knew his face. I told them—*I would know his face from anywhere.* . . .

"Q. Who pointed him out? Did your father point him out to the police?

"A. No, I pointed him out to the police. . . .

". . . Every time I goes home—not every time, but most of the time—I just see him. I see him lots of times. I see him in the store, and I run." (Italics supplied)

The allegation as to the medical report is immaterial, for the record clearly shows that the fact of sodomy was sufficiently established by the boy's testimony, and there was no requirement of corroboration by a medical report.

As to the alleged prejudice of the trial judge, we think it can properly be said that what petitioner is really complaining of is the fact that the court found the testimony of the boy rather than that of petitioner to be worthy of belief.

As to the alleged improper conduct of defense counsel and denial of defense witnesses, the record shows not one word of that.

In consideration of all these factors, we held that this petition was within the rule of *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232. We believe that here, as there, petitioner is attempting to raise issues which were for the trier of fact in the first instance, to be challenged by direct appeal. "Where the petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary": Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 494-95; cited in the Norman case at page 237.

Furthermore, the same distinction from the case of Pennsylvania ex rel. Herman v. Claudy, Warden

350 U. S. 116, which was taken in Norman, 395 Pa. 232, 239, is applicable: the matter complained of is not dehors the record, but is refuted by the record and was decided adversely by the trier of fact.

Accordingly, we dismissed the petition.