# Supreme Court of the Navajo Nation

**Mary Stanley, Petitioner,**
**v.**
**Navajo Nation, Respondent.**
**Decided November 5, 1990**

## OPINION

Before TSO, Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Reed Tso, Esq., Tuba City, Navajo Nation (Arizona), for the Petitioner.

Opinion delivered by AUSTIN, Associate Justice.

This is an original action for a writ of habeas corpus under 7 N.T.C. § 303. Rule 26(d) of the Navajo Rules of Civil Appellate Procedure applies to petitions for writs of habeas corpus, and the Court has previously entered an order summarily denying this petition pursuant to Rule 26(c) .

The Court now renders its opinion on the question of whether Mary Stanley, the petitioner, who entered a plea of guilty without the assistance of counsel, did so knowingly and voluntarily. The sole basis for review is the record of proceedings in the district court. We dismissed the petition following a review of the record submitted by the petitioner and after hearing the tape recording of the proceedings at the time she entered her plea of guilty. *United States v. King*, 604 F.2d 411 (5th Cir. 1979).

We hold, given the totality of the facts and circumstances, that Mary Stanley knowingly and voluntarily entered a plea of guilty to the offense of serving as an accomplice to the delivery of liquor, in violation of 17 N.T.C. § 411(a).

## I

On June 20, 1990, Sergeant Paulsen Bronston of the Navajo Police Department executed a criminal complaint charging Mary Stanley with the offense of serving as an accomplice to the delivery of liquor. The complaint alleged that on or about June 20, 1990, at 12:30 p.m., she facilitated the illegal sale of liquor by providing a place for sales and delivery. She was arrested on June 22, 1990, released on a $500.00 cash bond, and ordered to appear for arraignment on June 25, 1990. She had three days to seek the assistance of counsel and consider her options.

On June 25, 1990, Stanley appeared before the Honorable Raymond A. Begaye, District Judge of the Kayenta District Court. The tape recording of the

arraignment shows that Stanley was fully informed of her rights as well as the contents of the complaint. The court conducted what is known as the "colloquy" with a defendant when entering a guilty plea. This is nothing more than the process of fully informing the defendant of his or her rights and the charges, and providing an opportunity to advise the court how that individual intends to respond. The court advised Stanley in both English and Navajo.

The advice of rights included a warning that Stanley could be sentenced to jail, given a fine, or both; that she could plead guilty, not guilty or no contest; and, that she had certain rights under both the Navajo Nation Bill of Rights and the Indian Civil Rights Act. The court went on to advise of the right to seek and obtain counsel, although the court had no obligation to appoint counsel; the right to plead guilty, not guilty, or no contest; that if she pleaded guilty she could be sentenced the same day; the right to a speedy trial; the right to a jury trial on dates stated by the court; the right to a public trial; the right to not have to testify (i.e. the right to avoid self-incrimination); the right to be released on bond pending trial; and, the right to appeal a verdict of guilty or a sentence to the Navajo Nation Supreme Court.

Following the advice of rights the court read the charges to Stanley, explaining the facts in the complaint in Navajo, including the names of the witnesses against her and the penalties provided by the statute. When this was done the court asked Stanley if she understood the charges. She said, "yes." She was then asked how she wished to plead. She pleaded guilty. Again the court asked if that was her plea, and again she said, "Guilty." Stanley received a 30-day jail sentence and a fine of $500.00.

The petition contains other allegations, which we do not address because they do not deal with whether the plea was knowing or voluntary, and they do not provide any other ground for relief.

## II

We take this opportunity to review the principles of when and how a court accepts a plea of guilty to a criminal charge. The fundamental rights involved are the right to not be deprived of liberty without due process of law, and the right to be informed of the nature and cause of accusation in criminal proceedings. Defendants have these rights under Sections 3 and 7 of the Navajo Nation Bill of Rights. 1 N.T.C. §§ 3,7 (1986).

Mary Stanley came before the court charged with permitting her home to be used for the sale of liquor. Everyone knows, or should know, that it is illegal to possess or transfer liquor within the Navajo Nation, and it is a federal crime as well. Given a great deal of public attention to the problems of alcohol abuse and bootlegging, everyone knows officials of the Navajo Nation are attempting to suppress traffic in liquor. The law frames the offense of bootlegging this way:

(a) *Offense*: A person commits an offense pursuant to this section if he or she intentionally or knowingly manufactures, *delivers*, or *possesses, with intent to deliver*, any beer, ale, wine, whiskey, or any other beverage which produces alcoholic intoxication.

(b) *Deliver or delivery* means the actual or constructive transfer of possession of any alcoholic beverage as described above, with or without consideration, whether or not there is an agency relationship.

17 N.T.C. § 411 ("Manufacture or delivery of liquor") (emphasis supplied). The law defines accomplice liability for assisting the commission of a crime as follows:

> A person may be charged with and convicted of an offense as an accomplice if he or she intentionally or knowingly solicits, counsels, commands, *facilitates*, *aids*, agrees to aid or attempts to aid in its commission, although he or she did not directly commit the crime and although the principal who directly committed such offense has not been prosecuted or convicted, or has been convicted of a different offense.

17 N.T.C. § 216 (emphasis supplied).

This is not a hard crime to understand. If any person within the Navajo Nation does any act to facilitate ( "To make easier or less difficult") or aid ( "To support, help, assist, or strengthen") the delivery of any beverage which causes alcoholic intoxication, there is criminal liability. *Black's Law Dictionary* 531, 63 (5th ed. 1979) ("Facilitate" and "aid"). It certainly includes the act of providing a place to engage in bootlegging, knowing the activity is being carried on by another.

Throughout the United States from 90 to 95% of all criminal convictions are by pleas of guilty. *Brady v. United States*, 397 U.S. 742, 751 n.10 (1970). The same is true within the Navajo Nation, and there are also cultural reasons which motivate pleas of guilty. Given these facts, it is highly important that the district courts take great care when receiving pleas of guilty to make certain that criminal defendants know their rights, and what they may do, to be certain the plea is knowing and intelligent. Equally important is making certain pleas are voluntary and made without any threat or undue pressure. Finally, the district courts must be satisfied that there is a factual basis for a plea of guilty.

Stanley cites the decision in *Commonwealth of Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116 (1956), in support of her petition, saying it stands for the proposition that a plea of guilty entered by an uncounseled defendant is involuntary and therefore invalid. *Claudy* is a decision which sets the general rules for attacking pleas of guilty and one which sets the standards for a hearing upon a writ of habeas corpus.

Claudy pleaded guilty to 8 charges of burglary, 12 of larceny, 8 of forgery, and 2 of false pretense. *Id*. at 117. Eight years later he filed a petition for a writ of habeas corpus contending that his due process rights were violated because his pleas were the result of coercion and threats by state officers and that he was not

advised of his right to counsel or given the benefit of counsel. *Id.* The United States Supreme Court provided the overall rule for a review of guilty pleas and setting a hearing on petitions for writs of habeas corpus:

> Our prior decisions have established that: (1) a conviction following trial or on a plea of guilty based on a confession extorted by violence or by mental coercion is invalid under the Federal Due Process Clause; (2) where a person convicted in a state court has not intelligently and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates his conviction; (3) where a denial of these constitutional protections is alleged in an appropriate proceeding by factual allegations not patently frivolous or false on a consideration of the whole record, the proceeding should not be summarily dismissed merely because a state prosecuting officer files an answer denying some or all of the allegations.

*Id.* at 118-119.

We adopt only the third rule for the purposes of this petition, reserving the first two for an appropriate case before us. The remainder of the decision discusses the contents of Claudy's petition, which contained many more factual details than Stanley's petition. Here there was no opposition by Navajo Nation prosecution authorities, and we summarily dismissed the petition because we did not find any factual allegations sufficient to justify a hearing.

Stanley's petition says that she was "overwhelmed, confused, intimidated, and didn't understand the charge and the proceeding, as a result she plead guilty." She gives no detail to her conclusive assertions, nor does she explain how it was she had the mental state she recites. She does not say how or why she was "overwhelmed." She gives no reason for "confusion." She does not say who caused her to be "intimidated." The district judge was satisfied from seeing her and listening to her that she understood what was taking place, and there was no reason to believe that she did not have the ability to know what she was doing when she voluntarily entered her plea. The tape of the arraignment gives no support for her conclusive statement.

Stanley's petition for a writ of habeas corpus was not sufficient to move the discretion of this Court, and the record provided does not support the scant allegations. The petition was not verified under oath, and it does not provide the personal knowledge of Stanley or anyone else in a position to provide it. *See In re Application of Johnson*, 6 Nav. R. 186 (1990). The written judgment and mittimus, which is regular on its face, shows Stanley pleaded guilty and she received a 30-day jail sentence and a fine of $500.00.

*McCarthy v. United States* is an important decision because it highlights the need to determine that a defendant's guilty plea is truly voluntary and to make a complete record at the time the plea is entered to show voluntariness and thus discourage post-conviction attacks on guilty pleas. 394 U.S. 459, 465 (1969). *McCarthy* is not a decision based upon the United States Constitution, but upon

Rule 11 of the Federal Rules of Criminal Procedure, which is not a constitution-ally mandated rule of court. *Id.* The purpose of determining the voluntariness of a guilty plea and making a record of the determination comes from the nature of a plea of guilty:

> A defendant who enters such a plea simultaneously waives several constitu-tional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiv-er to be valid under the Due Process Clause, it must be "an intentional relin-quishment or abandonment of a known right or privilege." Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses understanding of the law in relation to the facts.

*Id.* at 466 (notes and citations omitted).

Due to these considerations the court must look into the defendant's under-standing of the nature of the charge, the consequences of his plea, and be satis-fied there is a factual basis for the plea. *Id.* at 467. These are the methods for find-ing whether a factual basis exists for a guilty plea:

1. Ask the defendant what it is;
2. Ask the prosecution the basis for bringing the charges; or
3. Examine a presentence report which lays out this information.

*Id.* at 463 n.6.

The United States Constitution and our Navajo Nation Bill of Rights do not require an inquiry into the factual basis for a guilty plea, but it is good practice. A defendant may enter a plea of guilty while still asserting his or her innocence, and the court need only be satisfied that there is some factual basis to support accepting a plea of guilty.

The first method, asking the defendant for the factual basis for the plea, is the most common one for the Navajo courts. This approach is usually used where the defendant enters a plea at the time of arraignment, and the prosecution is not present. In our courts this approach is used even where the prosecution is pres-ent. When asking the defendant the basis for the plea, the court need only be con-cerned that the defendant admits he or she actually committed the acts recited in the complaint. The better practice is to have the defendant relate what he or she did, although an admission that the facts in the complaint are true is sufficient.

The second method, having the prosecutor provide the basis for bringing the charges, is usual where the defendant enters a plea with the prosecutor present. The practice is for the prosecutor to briefly outline what the Navajo Nation would present as its case if there was a trial upon the complaint.

The third method, finding the factual basis in a presentence report, will prob-ably be rare, but it is a permissible way for the court to be satisfied that there is a factual basis for the plea. The only thing required by the "factual basis" rule is

that the district court be satisfied that the defendant admits or the prosecution could provide the facts alleged in the complaint.

Our rule is that a guilty plea is valid if the defendant made a knowing, conscious choice in entering the plea and that the court took care in advising the defendant and receiving the plea.

> Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so — hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial — a waiver of his right to trial before a jury or judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.

*Brady*, 397 U.S. at 748.

When a guilty plea is attacked for not being voluntary, the test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). We applied that test when we summarily dismissed Stanley's claim after listening to what took place in the Kayenta District Court on June 25, 1990.

Guilty pleas must be voluntary in the sense that the defendant has received actual notice of the true nature of the charge against him. *Henderson v. Morgan*, 426 U.S. 637, 645 (1976). A plea may be involuntary either because the accused does not understand the nature of the constitutional protection he waives, or because he has such an incomplete understanding of the charge that it cannot be an intelligent admission of guilt. That is why a defendant must have adequate notice of the nature of the charge and we must have proof the defendant in fact understood the charge.

We are satisfied from the record that all these tests have been met.