J-S23027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRELL REESE, | |
| Appellant | No. 1429 EDA 2014 |

Appeal from the PCRA Order Entered April 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0100571-1998

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 05, 2015**

Darrell Reese ("Appellant") appeals from the order denying his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> This case has its genesis in the November 22, 1997 shootings of Rasheed Davis (victim) and Lennell Billington.  On that day, the victim and Billington went to the home of an individual known as "Box" in order to purchase guns and drugs.  The victim was familiar with this individual since he had dealt drugs for him previously.  Also present were Appellant, an individual named Bo and another unidentified individual.  The victim, Billington and Bo were all sent upstairs while Box, Appellant and the unidentified individual remained downstairs

---

[*]  Retired Senior Judge assigned to the Superior Court.

having a discussion. Upon their return downstairs, the victim and Billington were told that the unidentified male would drive them to a different location, purportedly to buy the guns. Appellant accompanied the threesome.

During the drive, the unidentified individual received several messages on his pager. He pulled the vehicle over several times at a pay phone but was purportedly unable to use the phones because they were out of order. Ultimately, the unidentified individual parked the vehicle at Abottsford and Pulaski Avenues, approached a house, knocked on the door and returned to the vehicle when no one answered. The three other men remained in the vehicle. Billington testified that when the unidentified individual returned to the vehicle, he observed him reach into his jacket pocket and retrieve a gun while Appellant exited the backseat and also produced a gun. Billington, who was in the rear passenger seat initially ducked below the seat but attempted to escape the vehicle when the gun fire paused.[1] Meanwhile, the unidentified individual moved around the front of the vehicle and encountered the victim, shooting him in the head at close range. Billington managed to escape the vehicle but was shot in the shoulder and the arm as he fled down the street. Ultimately the police were summoned and Billington received medi[c]al treatment at the hospital.

[1] The victim was in the front passenger seat.

Homicide detectives interviewed Billington at the hospital and were advised that Appellant was one of the two shooters. Billington provided an address where Appellant could be found and a search warrant was executed at that address. Police recovered two empty boxes of hollow point design ammunition, one for a .38 caliber gun and the other for a nine millimeter gun, five spent .38 caliber shell casings, two spent nine-millimeter casings by a trash can, and four spent projectiles fired into the cellar walls. N.T. 9/24/99, at 21-29. Several hours after the shootings, two officers observed Appellant on a street corner with a gun in his hand. He was arrested and charged with possessing a gun without a license. The weapon was a .38 caliber Smith and Wesson with six live rounds. N.T. 9/23/99, at 83-87.

On November 5, 1998, Appellant proceeded to a jury trial. The jury found Appellant guilty of aggravated assault, possessing instruments of crime, and criminal conspiracy. However, on the charge of criminal homicide the jury was hung.

On September 23, 1999, Appellant was tried again on the unresolved murder charge. At that trial, Billington again testified against Appellant, identifying him as one of the shooters. Appellant was convicted of murder in the first degree. Following a penalty hearing on September 28, 1999, the jury found that Appellant should receive a life sentence. Post-sentence motions were filed and supplemented following the appointment of new counsel. They were denied on February 4, 2000. A third attorney was appointed to represent Appellant and filed [a] timely appeal.

*Commonwealth v. Reese*, 859 EDA 2000, 782 A.2d 1058 (Pa. Super. filed July 10, 2001) (unpublished memorandum) (footnotes 2–4 omitted). That panel affirmed Appellant's judgment of sentence. *Id.* at 20. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Reese*, 793 A.2d 907 (Pa. 2001).

The record reflects that Appellant then filed multiple PCRA petitions, all of which were denied.[1] Appellant also sought federal *habeas* review, but did

---

[1] Appellant filed his first PCRA petition on August 13, 2002. It was dismissed on the merits. PCRA Order, 3/29/04. This Court affirmed on appeal, and our Supreme Court denied allowance of appeal. *Commonwealth v. Reese*, 1088 EDA 2004, 885 A.2d 581 (Pa. Super. filed August 22, 2005) (unpublished memorandum), *appeal denied*, 899 A.2d 1123 (Pa. 2006). Appellant filed his second PCRA petition on November 17, 2007. It was dismissed as untimely. PCRA Order, 7/20/09. This Court affirmed on appeal, and our Supreme Court denied allowance of appeal. *Commonwealth v. Reese*, 2224 EDA 2009, 6 A.3d 552 (Pa. Super. filed July 8, 2010), *appeal denied*, 12 A.3d 370 (Pa. 2011). Appellant filed his third petition on January 20, 2011, and it was dismissed as untimely. PCRA
*(Footnote Continued Next Page)*

not prevail.[2]  Appellant then filed the underlying *pro se* PCRA petition, his fourth, on January 23, 2013, and an amended petition on March 13, 2013. After "conducting an exhaustive review of the record and applicable case law," the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing.  PCRA Court Opinion, 4/1/14, at 2; Rule 907 Notice, 2/6/14.  Counsel entered an appearance on March 5, 2014, and filed a response to the Rule 907 notice the next day. The PCRA court dismissed Appellant's petition as time barred on April 1, 2014.  This timely appeal followed.  Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our consideration:

I. Whether the PCRA court erred when it dismissed the PCRA petition as "time barred" without first holding a hearing to determine the facts?

II. Whether the PCRA is unconstitutional as applied to the facts and circumstances of thiscase [sic]?

*(Footnote Continued)* _____

Order, 9/21/11.  This Court affirmed on appeal, and our Supreme Court denied allowance of appeal.  **Commonwealth v. Reese**, 2649 EDA 2011, 50 A.3d 248 (Pa. Super. filed May 23, 2012), *appeal denied*, 57 A.3d 69 (Pa. 2012).

[2]  Appellant filed a writ of *habeas corpus* on August 2, 2006, which the United States District Court for the Eastern District of Pennsylvania denied on March 19, 2007.  Order of Court (2:06-cv-3416), 3/19/07, at Docket Entry 16.

Appellant's Brief at 1–2.[3]

Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Perez**, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Id.** (quoting **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014)).

Preliminarily, we must determine if we have jurisdiction to entertain this appeal. Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651–652 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, Appellant was sentenced on September 28, 1999. This Court affirmed the judgment of sentence on July 10, 2001, and

---

[3] We note with disapproval that Appellant's counseled brief violates Pa.R.A.P. 2119(a) in that the argument section is not "divided into as many parts as there are questions to be argued." Although Appellant presents two questions, his argument section includes five major headings and multiple subheadings. Moreover, the argument section is often confounding. Although Appellant's disregard of Rule 2119(a) and substantive arguments present a challenge, they do not preclude appellate review.

our Supreme Court denied allowance of appeal on December 14, 2001. Appellant did not seek a writ of *certiorari* in the United States Supreme Court. Therefore, Appellant's judgment of sentence became final on March 14, 2002, when the period for Appellant to file a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Sup.Ct.R. 13.1 (instructing that petition for writ of certiorari must be filed within 90 days of date that state court of last resort denies discretionary review). Appellant had until March 14, 2003, to file a PCRA petition. Accordingly, the instant petition, originally filed on January 23, 2013, is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2)." *Hernandez*, 79 A.3d at 651–652.

In the instant petition, Appellant purports to raise the first and third exceptions to the PCRA timeliness requirements. In support of his petition, Appellant asserts:

> The PCRA petition was not untimely because it alleged a violation of *Brady v. Maryland*, 373 U.S. 83 . . . (1963) ("*Brady* claim"). Application of the time bar to a *Brady* claim violates clearly established federal law, and is unconstitutional.
>
> The PCRA petition is not untimely because application of the time bar to a claim that a constitutional violation led to the conviction of an innocent person is never time barred.
>
> The PCRA petition was not untimely because it was alleged a violation of *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 . . . [(2012)]. . . . This case is automatically retroactive under *Yates*

*(Footnote Continued)* —————————————

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

> *v. Aiken*, 484 U.S. 211 . . . (1988) (decisions dictated by prior Supreme Court precedent are automatically retroactive).
>
> The PCRA petition is not untimely because it alleged attorney abandonment in violation of *Maples v. Thomas*, . . . 132 S.Ct. 912 . . . [(2012)] which is a retroactive decision of the United States Supreme Court.

Appellant's Brief at 8–9. In response, the Commonwealth asserts that Appellant's "confused and disorganized arguments, once disentangled, are clearly meritless. His petition was untimely and he may not be excused from the time-bar." Commonwealth's Brief at 6. We agree.

Appellant first claims interference by government officials. 42 Pa.C.S. § 9545(b)(1)(i). Underlying Appellant's argument is an alleged *Brady* violation. *Brady* held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. According to Appellant, the Commonwealth's attorney instructed Appellant's alibi witness "not to come to the courthouse for the second trial." Appellant's Brief at 13. Appellant contends that his family learned of this interference by government officials in letters they received from the witness in January and March of 2012; Appellant then "sent out a private investigator to take [the witness'] statement, which is dated January 23, 2013." *Id.* at 14; PCRA Petition, 3/13/13, at ¶ 6; Brief Supporting Post Conviction Relief, 3/13/13, at ____.

In response, the Commonwealth points out that:

[Appellant's] argument glosses over a crucial distinction: the PCRA does not excuse all claims of prosecutorial misconduct from the time-bar. Instead, the PCRA excuses any untimely claim (not necessarily one of prosecutorial misconduct) if "**the failure to raise the claim previously** was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the laws of this Commonwealth or the Constitution or the laws of the United States." 42 Pa.C.S. § 9545(b)(1)(i) (emphasis supplied). [Appellant] failed to allege below, and does not allege now, that any government official has spent the past decade surreptitiously preventing him from raising his Brady claim. Indeed, [Appellant] concedes that he learned about the Commonwealth's decision not to call [the witness] at his second trial no later than "on or about January 2012" (Brief for Appellant, 13). Yet he did not file the instant PCRA petition until January 23, 2013. [Appellant] fails even to allege, much less offer to prove, that government officials prevented him from raising this claim far earlier.

Commonwealth's Brief at 9-10 (footnote omitted).

We agree with the Commonwealth's analysis. As stated above, a petition invoking one of the time-bar exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). According to Appellant, his family received letters from the alibi witness in January and March of 2012, which disclosed the alleged prosecutorial misconduct. The letter contained information intriguing enough for Appellant to dispatch a private investigator for the purpose of obtaining the witness' statement. However, without alleging that government officials interfered with his ability to raise the alleged **Brady** violation, Appellant did not file the instant petition until January 23, 2013, far more than sixty days after receipt of the letters. 42 Pa.C.S.

§ 9545(b)(2); **Hernandez**, 79 A.3d at 651–652. **See also Commonwealth v. Abu-Jamal**, 941 A.2d 1263 (Pa. 2008) ("Although a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.").

Next, Appellant raises two claims under the third time-bar exception— recognition of a constitutional right retroactively applied. 42 Pa.C.S. § 9545(b)(1)(iii). In support of his first claim, Appellant relies on **Lafler v. Cooper**, wherein the Supreme Court held that defendants have a Sixth Amendment right to effective assistance of counsel at all critical stages, which extends to the plea bargaining process as a whole. According to Appellant, **Lafler** "is new law, although it is retroactive under **Yates**." Appellant's Brief at 14. Furthermore, Appellant contends, "It is not realistic to say that this claim could have been presented prior to **Lafler**, . . . wherein the Supreme Court firmly established the right to effective assistance of counsel during the plea bargaining process." **Id.** at 16. Underlying Appellant's argument is an ineffective assistance of counsel claim:

> In this case, the record shows that the State offered [Appellant] a plea bargain to resolve all charges short of trial. Although the terms of the offer are not on the record, it is clear there was an offer. It also is clear from the record that trial counsel did not consult with [Appellant], and advise him of his options and the consequences of exercising each option.

- 10 -

> [Appellant's] sworn statements suggest that he would have accepted the plea if it had been discussed with him and if he had been given the proper advice.

*Id.*

The Commonwealth responds as follows:

> [A]s this Court has already explained, Lafler did not create any new constitutional rights. Commonwealth v. Feliciano, 69 A.3d 1270, 1277 (Pa. Super. 2013) (Lafler "simply applied the Sixth Amendment right to counsel, and the Strickland test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, i.e. where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment."). Nor has the U.S. Supreme Court, or the Pennsylvania Supreme Court, held Lafler to apply retroactively to cases on collateral review.[6] Cf. 42 Pa.C.S. § 9545(b)(1)(iii) (time-bar exception for constitutional right "that was recognized by the Supreme Court of the United States [or] the Supreme Court of Pennsylvania . . . and has been held by that court to apply retroactively"). Moreover, [Appellant] filed the instant PCRA petition on Wednesday, January 23, 2013, ten months after Lafler, eight months after this Court affirmed the denial of his third untimely PCRA petition, and 64 days after the Pennsylvania Supreme Court denied *allocatur* on his third petition.
>
> > [6] [Appellant] claims that the United States Supreme Court held Lafler retroactive in Yates v. Aiken, 484 U.S. 211 (1988) (Brief for Appellant, 14). Unsurprisingly, Yates did not discuss a case that would not be decided for another 24 years.

Commonwealth's Brief at 11.

Again, we agree with the Commonwealth. **Lafler** did not create any new constitutional rights nor has it been held to apply retroactively to cases on collateral review. Moreover, **Lafler** was decided on March 21, 2012. Appellant did not file the instant petition until ten months later, on

- 11 -

January 23, 2013. *See Commonwealth v. Baldwin*, 789 A.2d 728 (Pa. Super. 2001) (stating sixty-day period begins to run upon date of judicial decision); 42 Pa.C.S. § 9545(b)(2); *Hernandez*, 79 A.3d at 651–652.

Appellant also asserts that trial counsel's abandonment supports application of the third time-bar exception, because "the holding of *Roe v. Flores-Ortega*, 528 U.S. 470 . . . (2000)[,] that criminal defense attorneys have a 6th Amendment duty to consult with their clients and advise the clients of their appellate rights[,] applies retroactively." Appellant's Brief at 17 (citing *Lewis v. Johnson*, 359 F.3d 646 (3rd Cir. 2004) (recognizing Sixth Amendment right to effective assistance of counsel on first appeal as of right)). Underlying Appellant's argument is another ineffective assistance of counsel claim:

> Here, it is an undisputed fact that trial counsel did not advise [Appellant] of the advantages and disadvantages of filing an appeal, which is what is required of trial counsel.
>
> In this case, [counsel] did not consult with Appellant and explain the advantages and disadvantages of filing the notice of appeal with respect to Trial #1. [Counsel] did not file the notice of appeal even though he was aware that Appellant wanted to take advantage of every avenue to contest the charges against him. The totality of the evidence indicates a failure to consult and attorney abandonment in violation of *Maples v. Thomas*, 565 U.S. ___, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012).

Appellant's Brief at 17-18.

Again, we conclude that Appellant's abandonment argument does not warrant relief. As the Commonwealth observes, "[Appellant] does not even pretend that there is any legal basis for excusing this claim from the time-

bar." Commonwealth's Brief at 12 (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (ineffective assistance of trial counsel, appellate counsel, or PCRA counsel does not excuse untimely petition)). Indeed, Appellant's ineffective assistance claim does not fall within any of the time-bar exceptions. 42 Pa.C.S. § 9545(b)(1)(i–iii); **Commonwealth v. Edmiston**, 619 Pa. 549, 565, 65 A.3d 339, 349 (Pa. 2013), *cert. denied sub nom.*, **Edmiston v. Pennsylvania**, ___ U.S. ___, 134 S. Ct. 639 (2013) ("[W]e have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim.").

Lastly, we address Appellant's attempt to justify failing to raise the time-bar exceptions within the sixty-day period. Appellant asserts that he could not file the underlying PCRA petition while the dismissal of his third petition was on appeal. Appellant's Reply Brief at 2 (citing **Commonwealth v. Breakiron**, 781 A.2d 94 (Pa. 2001)). Although Appellant's assertion is correct, his conclusion is not. Appellant's third petition was finalized on November 21, 2012, when the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Reese**, 57 A.3d 69 (Pa. 2012). From that date, Appellant had sixty days, or until January 20, 2013, to file the instant petition. **Accord Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding, where PCRA appeal is pending, subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by

highest state court in which review is sought or upon expiration of time for seeking such review; "The subsequent PCRA petition must be filed within 60 days of date of Order which finally resolves the previous PCRA petition because this is the first date the claim could have been presented."). As Appellant filed the instant petition on January 23, 2013, it was untimely.

In sum, we conclude the decision of the PCRA court to dismiss Appellant's fourth petition as untimely is supported by the record and is free of legal error. Having determined that it lacked jurisdiction, the PCRA court did not address the substantive arguments raised in support of Appellant's second question.[5] PCRA Court Opinion, 4/1/14, at 3. Because Appellant's petition was untimely, we lack the authority to address the merits of the substantive claims raised therein. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

---

[5] Appellant's second question asserts the PCRA is unconstitutional as applied. According to Appellant, the PCRA violates (1) section 1922 of the Statutory Construction Act, 1 Pa.C.S.; (2) due process, in the context of an alleged *Brady* violation; and (3) *Herman v. Claudy*, 350 U.S. 116, 120–121 (1956), wherein the United States Supreme Court held that allegations regarding a petitioner's pre-confession treatment and his understanding of the nature and consequences of a guilty plea require a hearing, even if he raises a challenge eight years after his conviction. Appellant's Brief at 18–24.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/2015</u>